IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAI TU DOAN, § | | |
|    A# 073275957, § | | |
|       Petitioner, § | | |
| § | | |
| v. § | No. 3:26-CV-286-X-BW | |
| § | | |
| THOMAS BERGAMI, Warden, § | | |
|       Respondent. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on February 4, 2026. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the habeas petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

Hai Tu Doan, a native and citizen of Vietnam detained by United States Immigration and Customs Enforcement ("ICE") at the Prairieland Detention Center ("PDC") in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 in connection with his deportation status. (*See id.*) The Respondent is the warden of PDC. (*See id.* at 1; Dkt. No. 7.)[2]

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Doan indicates that he is subject to a final order of removal to Vietnam based on a 2004 aggravated felony conviction in New Jersey, for which he served 2 years of imprisonment. (*See* Dkt. No. 3 at 4, 12-13; Dkt. No. 4 at 3.) In December 2025, Doan filed a motion for post-conviction relief in New Jersey state court collaterally challenging the constitutionality of his 2004 conviction. (*See* Dkt. No. 3 at 17-31; Dkt. No. 4 at 4.) On December 18, 2025, Doan reported to a scheduled meeting with ICE in Dallas, Texas, where he was taken into ICE custody and detained at PDC. (*See* Dkt. No. 4 at 5.)

In his § 2241 petition, Doan asserts one ground for relief: "Requesting a STAY or POSTPONEMENT [of removal order] for the right to apply for collateral benefit afforded non-citizens to remain in the U.S. pending the outcome of pending post conviction relief motion in New Jersey, which if granted, will return status to Legal Permanent Resident[.]" (Dkt. No. 3 at 6 (emphasis in original); *see also id.* at 7; Dkt. No. 4 at 2.)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.

2001). They have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

In 2005, Congress enacted the REAL ID Act of 2005 ("Real ID Act"), which altered the way in which noncitizens can seek judicial review of administrative review of removal orders. *See* Pub. L. No. 109-13, 119 Stat. 231 (2005). Under the REAL ID Act, the exclusive means for judicial review of a removal order is a petition for review filed in the appropriate federal appellate court. *See Nasrallah v. Barr*, 590 U.S. 573, 579-80 (2020) ("[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals."); 8 U.S.C. § 1252(a)(5). District courts also generally lack jurisdiction to stay removal orders because they are "connected 'directly and immediately' with the Attorney General's decision to commence removal proceedings against" a petitioner. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003); *see also* 8 U.S.C. § 1252(g).

Here, Doan is not challenging his ICE detention, and he alleges that he "is not requesting this Court to address ICE's removal order but only stay, or postpone deportation, within the parameters of its jurisdiction and hear his right to apply for a collateral benefit afforded noncitizens. Thus, this claim ***does not*** arise from ICE's decision to execute its removal order." (Dkt. No. 4 at 2 (emphasis in original).) Despite this characterization, however, Doan's request to stay or postpone the execution of his final removal order is sought only for the purpose of allowing him to challenge the basis of that removal order, namely, his removability as a convicted aggravated felon. As such, it necessarily involves a collateral attack on his final

3

order of removal, and the Court accordingly lacks jurisdiction to grant the requested relief. *See, e.g.*, *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (unpublished) (holding that "[a] request for stay of removal is a challenge to a removal order" and that the district court therefore lacked jurisdiction to grant such relief). This is so even to the extent Doan alternatively seeks a stay of his removal order under the Administrative Procedure Act ("APA"). *See Hidalgo-Mejia v. Pitts*, 343 F. Supp. 3d 667, 673 (W.D. Tex. Oct. 27, 2018) (determining that, as the REAL ID Act stripped the district court of jurisdiction to review the petitioner's expedited removal order, judicial review under the APA was unavailable) (citing 5 U.S.C. § 701(a); *Sandoval-Lopez v. Tillerson*, 713 F. App'x 255, 258-29 (5th Cir. 2017)).

The Court therefore should dismiss Doan's § 2241 petition for lack of jurisdiction.

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on February 4, 2026 (Dkt. No. 3), without prejudice for lack of jurisdiction.

**SO RECOMMENDED** on February 11, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).