IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAI TU DOAN, <br>    A# 073275957, <br>      Petitioner, <br><br> v. <br><br> THOMAS BERGAMI, Warden, <br>      Respondent. | §§§§§§§§§ | <br><br><br><br>No. 3:26-CV-286-X-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

## **ORDER**

Before the Court is the Emergency Motion for Appointment of Counsel Pursuant to the Criminal Justice Act (CJA) 18 U.S.C. 3006A(a)(2)(B), received on February 4, 2026. (Dkt. No. 6.)

Hai Tu Doan, a native and citizen of Vietnam currently detained at the Prairieland Detention Center in Alvarado, Texas, filed a habeas corpus petition under 28 U.S.C. § 2241 in connection with his deportation status. (*See* Dkt. No. 3.) He seeks the appointment of counsel "due to the complex legal issues in the 2241 motion, in conjunction with the fact that Doan is indigent and a Viet Nam national and not proficient in law nor the English language[.]" (Dkt. No. 6 at 1.)

"No constitutional right to counsel exists in habeas corpus actions." *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). Under the Criminal Justice Act ("CJA"), a court may appoint counsel "for any financially eligible person who . . . is seeking

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

relief under section 2241, 2254, or 2255 of title 28" when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which also applies to habeas petitions under 28 U.S.C. § 2241, as in this case, provides for the appointment of counsel "[i]f an evidentiary hearing is warranted"; it also provides that the appointment of counsel is not limited "at any stage of the proceeding."

Here, the undersigned has recommended that Doan's § 2241 petition be dismissed without prejudice for lack of jurisdiction. Further, the Court notes that, contrary to Doan's statements otherwise, the issue in his § 2241 petition—a stay of a final order of removal—is straightforward and not complex, and Doan's filings to date show that he is literate and articulate in the English language, with an adequate grasp of the relevant facts involved in his case. In light of the foregoing, particularly the Court's lack of jurisdiction over the relief requested, the Court finds that Doan has not shown that justice requires the appointment of counsel at this stage of the process.

Accordingly, the Court **DENIES** Doan's Emergency Motion for Appointment of Counsel Pursuant to the Criminal Justice Act (CJA) 18 U.S.C. 3006A(a)(2)(B), received on February 4, 2026 (Dkt. No. 6).

**SO ORDERED** on February 11, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

2